### MUTUAL MILK & CREAM CO. v. TIETJEN.

(Supreme Court, Special Term, New York County. April, 1904.)

1. REQUESTS FOR FINDINGS—DISPOSITION BY COURT—NOTATION.

There is no requirement, as provided by Code Civ. Proc. § 1023, for the court's noting in the margin of requests for findings and rulings the manner in which they have been disposed of, such section, repealed by Laws 1894, p. 1719, c. 688, not having been restored by the amendment of 1903 to section 1022, which only repealed the innovation introduced by the amendment of 1894 to section 1022 of allowing a decision to state "concisely the grounds on which the issues have been decided."

Action by the Mutual Milk & Cream Company against Dietrich Tietjen.. Defendant makes request for findings and rulings. Denied.

Felix H. Levy, for plaintiff.

J. Homer Hildreth (James C. Delaman, of counsel), for defendant.

GIEGERICH, J. Decision settled and delivered to the clerk. Let an engrossed copy be made and presented for signature. The attorney for the defendant has submitted certain written requests for findings of fact and rulings upon questions of law which he insists should be made. These have been presented under an erroneous theory that the practice relative to requests to find, as formerly established by section 1023 of the Code of Civil Procedure, was restored when section 1022 was re-enacted in 1903 substantially in its original form. It will be seen, however, upon examination, that section 1023 was repealed by chapter 688, p. 1719, Laws 1894, and that it was not restored by the amendment of 1903 to section 1022, which amendment only re-

pealed the innovation introduced by the amendment of 1894 of allowing a decision to state "concisely the grounds upon which the issues have been decided," and practically restored that section to its original form. Section 1023 was not re-enacted nor restored, however, and there is now no requirement that the court note in the margin of the requests or statement of propositions the manner in which they have been disposed of, and I can discover no exceptional features in this case which would render it useful to depart from the regular practice now prevailing.